Filed 1/14/21  P. v. Tuvalu CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YUTI ALBERT TUVALU,<br><br>    Defendant and Appellant. | B304159<br><br>Los Angeles County<br>Super. Ct. No. TA103060 |


APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles Ragland, Lynne G. McGinnis and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant and appellant Yuti Albert Tuvalu appeals from the superior court's summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

The record on appeal is sparse.  In 2008, the People charged Tuvalu with the murder of Christopher Woods. In an amended complaint, the People charged two additional defendants—Francisco Vicente Navarette and Jesus Garcia— with Woods's murder as well.  The People alleged the defendants committed the crime for the benefit of, at the direction of, or in association with a criminal street gang.  The People alleged each of the three defendants personally and intentionally discharged a firearm causing Woods's death, and that a principal did so as well.  The People alleged three additional counts against Navarette, for carrying a loaded firearm.

According to the probation department report,[2] on October 3, 2008, officers were called to an address in Carson. They found the semi-conscious victim, moaning.  The victim was taken to the hospital, where he was pronounced dead.  Witnesses told the police Tuvalu got into an argument with Woods after Woods inadvertently turned off a living room light by leaning against the switch on the wall.  Tuvalu approached Woods "and punched him twice in the face, knocking him to the ground." Navarette and Garcia then "joined in the beating and began kicking and hitting [Woods] while he was on his knees and curled up against the living room sofa."  Someone turned the lights off; then witnesses heard one or two shots.  Tuvalu, Navarette,

---

[1]     References to statutes are to the Penal Code.

[2]     As the case apparently settled before the preliminary hearing, we take the facts from the probation department report.

and Garcia ran out the front door. One witness told police he'd seen Tuvalu with a long-barreled .357 magnum and a .22 caliber handgun.

Tuvalu apparently reached a plea agreement with the prosecution in which the prosecution added a count for voluntary manslaughter and Tuvalu pleaded guilty to that charge.[3] On October 13, 2009, the trial court sentenced Tuvalu to 26 years in the state prison. Presumably in accordance with the plea agreement, the court chose the midterm of six years, plus ten years for the gang enhancement under section 186.22, subdivision (b)(1)(C), plus ten years for the firearm enhancement under section 12022.5. The court dismissed the murder charge "due to plea negotiation."

On January 3, 2019, Tuvalu—represented by counsel— filed a "Verified Petition for Resentencing," citing section 1170.95. Tuvalu stated "[a] complaint . . . was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," and he "pled guilty to voluntary manslaughter in lieu of going to trial the avoid the possibility of a conviction of felony murder." Tuvalu didn't identify the "felony" that purportedly formed the basis for any felony murder theory by the prosecution. Tuvalu's petition stated he "could not now have been convicted of murder [*sic*] because of the changes made to PC § 188 & 189 by Senate Bill 1437."

On January 28, 2019, the trial court summarily denied Tuvalu's petition. The court found, "Pursuant to Penal Code

---

[3] The Clerk's Transcript contains a minute order of the sentencing but not of the change of plea itself. Nor is there a Reporter's Transcript on appeal of any of the proceedings in the trial court.

3

section 1170.95(a) the petitioner was not convicted of felony murder or murder under a natural and probable consequences theory and thus does not qualify for resentencing pursuant to this section."

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (SB 1437) amended murder liability under the felony murder and natural and probable consequences theories. Adding section 1170.95 to the Penal Code, the Legislature created a new petitioning procedure for eligible defendants to have their murder convictions vacated and to seek resentencing on any remaining counts. (*People v. Turner* (2020) 45 Cal.App.5th 428, 433-434.) Subdivision (a) of section 1170.95 allows "[a] person convicted of felony murder or murder under a natural and probable consequences theory" to file a petition "to have [his] *murder* conviction vacated." (Italics added.) Likewise, section 1170.95, subdivision (d) defines the available relief as the vacating of a "*murder* conviction." (Italics added; *Turner*, at p. 435.)

Based on the clear language of the statute, California appellate courts have concluded section 1170.95 is unambiguous and does not provide relief to individuals convicted of manslaughter. (*People v. Turner*, *supra*, 45 Cal.App.5th at pp. 435-436, 438 [defendant charged with murder who pleaded to voluntary manslaughter not entitled to relief under SB 1437]; *People v. Paige* (2020) 51 Cal.App.5th 194, 201, 204 [same]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 [same]; *People v. Flores* (2020) 44 Cal.App.5th 985, 989, 997 [same]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 886 [same].) Our Supreme Court has denied review in every one of these cases. (*People v. Turner*, review den. May 13, 2020, S261425; *People v. Paige*, review den. Sept. 9, 2020, S263571; *People v. Sanchez*, review den. July 15, 2020, S262656; *People v. Flores*,

4

review den. Apr. 29, 2020, S261252; *People v. Cervantes*, review den. Apr. 15, 2020, S260440.)

The trial court did not err in denying Tuvalu's petition for resentencing.

## DISPOSITION

We affirm the trial court's order denying Yuti Albert Tuvalu's petition for resentencing under section 1170.95.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.